Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

*Attorneys for Defendant Sbarro, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Veronica Lopez, an unmarried woman,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Sbarro LLC, a Delaware domiciled corporation licensed to do business in the state of Arizona<br><br>　　　　　　　　Defendant. | NO. 2:18-cv-03781-PHX-SMB<br><br>**DEFENDANT'S MOTION FOR RULE 37 SANCTIONS AND TO EXTEND DEFENDANT'S FACT DISCOVERY DEADLINE** |

Defendant, pursuant to Fed. R. Civ. P. 37(a)(3)(B), moves the Court for a Sanctions Order related to Plaintiff's failure to respond to Interrogatories and Requests for Production. Prior to seeking this relief, Defendant requested, multiple times, that Plaintiff respond to the written discovery—to no avail.[1] Defendant requests that the Court grant sanctions in the form of an Order 1) deeming Defendant's Requests for Admissions admitted pursuant to Rule 26(a)(3); 2) holding that Plaintiff has waived her right to object to Defendant's Interrogatories and Requests for Production; 3) compelling Plaintiff to respond to all Interrogatories and Requests for Production, in light of the fact that all objections must be deemed waived; 4) pursuant to Rule 37(a) and (d), requiring Plaintiff to pay Defendant's

---

[1] Undersigned counsel attempted to confer in good faith with Plaintiff's counsel about this dispute via emails on December 31, January 7, January 9, and January 10, and via a voicemail on January 9. At the time of this filing, undersigned counsel received no response whatsoever. Court action is needed to resolve this dispute.

attorneys' fees incurred in bringing this Motion; and 5) allowing Defendant to return to the Court if Plaintiff's eventual discovery responses are incomplete or non-responsive.

Additionally, in light of Plaintiff's failure to participate in discovery, Defendant requests that the deadline to complete fact discovery and supplement Mandatory Initial Discovery Pilot ("MIDP") Responses be extended from January 10, 2020 to **March 10, 2020**, for Defendant, only.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

This is a claim for employment discrimination under Title VII of the Civil Rights Act and the Americans with Disabilities Act. On October 21, 2019, Defendant timely served Requests for Admissions, Requests for Production, and Interrogatories on Plaintiff. (Exhibit 1). Plaintiff's counsel acknowledged receipt of the discovery requests that same date. (Exhibit 2).[2] Plaintiff's responses were due November 25, 2019. As of January 10, 2020, Plaintiff has not responded or indicated when (of if) she intends to respond. Plaintiff has made no efforts to seek an extension, either.

Defendant made a good faith effort to obtain the discovery responses without Court involvement. Undersigned counsel emailed Plaintiff's attorney about the overdue discovery on December 31, January 7, and January 9, and also left a voicemail for Plaintiff's attorney on January 9. (Exhibit 3). Counsel has not received a response to these communications. On January 10, undersigned counsel sent another email to Plaintiff's attorney, stating that if he did not contact her immediately about the discovery, Defendant would be filing a Motion for Rule 37 Sanctions. (*Id.*). At the time of this filing, Plaintiff's counsel has not responded.

### II.    REQUESTED RELIEF

Rule 37(a) allows a party to move the Court for an order compelling an answer to Rule 33 interrogatories and Rule 34 Requests for Production. Under Rule 37(a)(5), the

---

[2] Plaintiff never disclosed the documents her attorney referenced in Exhibit 2.

2

Court may require Plaintiff and/or her attorney to pay Defendant's reasonable expenses and attorney's fees incurred in filing this Motion. Defendant requests this relief here. Defendant's Requests for Production and Interrogatories are all highly relevant to issues of liability and damages. And, Defendant contends that most, if not all, of the requested documents should have been voluntarily disclosed by Plaintiff pursuant to Rule 26. Defendant requires these discovery responses to mount a thorough defense to Plaintiff's claim. Because Plaintiff did not timely object, all objections are deemed waived. Given this, Plaintiff should be compelled to the respond to the Interrogatories and Requests for Production in their entirety.

In addition to seeking relief under Rule 37, Defendant asks the Court to extend the deadline for it to complete fact discovery and supplement its MIDP Responses. Defendant cannot provide a final supplementation of its MIDP Responses until it receives Plaintiff's responses. Plaintiff's dilatory actions in this case have prejudiced Defendant's defense of this lawsuit. Defendant's Requests for Production ask for signed authorizations which Defendant will use to subpoena Plaintiff's healthcare providers and prior employers. And, Defendant may conduct additional fact discovery based on Plaintiff's responses. Good cause plainly exists, pursuant to Rule 16, to grant Defendant's request for an extension. Defendant will be prejudiced if it cannot complete its fact discovery and supplement its MIDP Response just because Plaintiff has unreasonably failed to cooperate in discovery after Defendant has, multiple times, asked for Plaintiff's responses. The requested extension will not affect any other discovery deadlines set forth in the Court's Order, nor will it affect the case's readiness for trial.

### III. CONCLUSION

Based on the foregoing, Defendant requests an Order 1) deeming Defendant's Requests for Admissions admitted pursuant to Rule 26(a)(3); 2) holding that Plaintiff has waived her right to object to Defendant's Interrogatories and Requests for Production; 3) compelling Plaintiff to respond to all Interrogatories and Requests for Production, in light of the fact that all objections must be deemed waived; 4) pursuant to Rule 37(a) and (d),

requiring Plaintiff to pay Defendant's attorneys' fees incurred in bringing this Motion; and 5) allowing Defendant to return to the Court if Plaintiff's eventual discovery responses are incomplete or non-responsive. Defendant further requests an additional 60 days for Defendant, only, to complete fact discovery and supplement its MIDP Responses.

DATED this 10th day of January 2020.

>  WIENEKE LAW GROUP, PLC
>
>  By: */s/ Laura Van Buren*
>  Kathleen L. Wieneke
>  Christina Retts
>  Laura Van Buren
>  1095 West Rio Salado Parkway, Suite 209
>  Tempe, AZ 85281
>
>  *Attorneys for Defendants Sbarro, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Christopher J. Piekarski
> PIEKARSKI & BRELSFORD, P.C.
> 2633 East Indian School Road, Suite 460
> Phoenix AZ 85016
> *Attorney for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is **not** a registered participant of the CM/ECF System: N/A.

By: */s/ Mica Mahler*

5